UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

KAVON A. WILSON,

          Defendant.

**DECISION AND ORDER**

6:24-CR-06070 EAW

---

I. <u>**INTRODUCTION AND BACKGROUND**</u>

Defendant Kavon A. Wilson ("Defendant") stands accused by an indictment returned on July 25, 2024, of possession of 50 grams or more of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (count one), possession of fentanyl with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (count two), possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (count three), and possession of firearms in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A)(i) (count four). (Dkt. 19 at 1-2).[1] The undersigned referred the case to United States Magistrate Judge Mark W. Pedersen pursuant to 28 U.S.C. § 636(b)(1)(A) and (b)(1)(B) for the handling of pretrial matters, including reporting and making recommendations concerning any dispositive motion. (Dkt. 21).

On September 19, 2024, Defendant filed motions (Dkt. 26), and then supplemented those motions on October 9, 2024 (Dkt. 27). The government filed papers in opposition

---

[1] The indictment also contains two separate forfeiture allegations. (Dkt. 19 at 2-4).

on October 21, 2024 (Dkt. 28), and Defendant filed reply papers on October 30, 2024 (Dkt. 29) with a supplement filed on November 21, 2024 (Dkt. 31).  Oral argument was held before Judge Pedersen on November 21, 2024, at which time he ruled on a number of Defendant's motions.  (Dkt. 32).  Judge Pedersen's rulings were captured in an Order he issued on November 26, 2024, where he denied Defendant's motion for a bill of particulars; denied without prejudice Defendant's motion based on *Brady v. Maryland*, 373 U.S. 83 (1963) and motion for discovery and inspection; denied Defendant's motion for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978); denied Defendant's motion for identification of informants; granted the government's motion for reciprocal discovery; and denied Defendant's motion for an excessive force hearing.  (Dkt. 33).  The Order reflected that Judge Pedersen reserved decision on Defendant's motion to dismiss count four and motion to suppress evidence.[2]  (*Id.*).

On December 19, 2024, Judge Pedersen issued a Report and Recommendation addressing the aspects of Defendant's motions on which he had reserved decision—the motion to dismiss count four and the motion to suppress evidence.  (Dkt. 34 ("R&R")).  Judge Pedersen recommended that both motions be denied.  On the motion to dismiss, Judge Pedersen concluded that the language of count four "meets the basic pleading requirements by accurately stating the elements of the offense charged and the approximate time and place of when [Defendant] allegedly possessed firearms in furtherance of drug trafficking." (*Id.* at 5-6).  And to the extent Defendant was challenging the sufficiency of

---

[2]   Judge Pedersen's November 26, 2024, Order reflected that Defendant withdrew his motion to suppress statements.  (Dkt. 33).

the evidence to support count four, Judge Pedersen explained that any such challenge was premature. (*Id.* at 6).

As for the motion to suppress, Judge Pedersen noted that Defendant challenged evidence seized on April 2, 2024, pursuant to a no-knock warrant obtained from Elmira City Court Judge Peter Finnerty for the residence located at 755 Erie Street, Elmira, New York. (*Id.* at 7). As noted by Judge Pedersen, the warrant was issued based on a probable cause finding relying on an affidavit of City of Elmira Police Investigator Daniel VanDine, sworn to April 1, 2024, and two depositions of a confidential informant ("C.I.") dated January 31, 2024, and March 27, 2024.[3] (*Id.*). Defendant's challenge was two-fold: (1) insufficiency of the search warrant; and (2) use of excessive force in executing the search warrant. (*Id.* at 7 n.4).

After concluding that Defendant had standing to challenge the search warrant based on his sworn testimony (*id.* at 13), Judge Pedersen concluded that the search warrant was supported by probable cause based on Investigator VanDine's affidavit and the two C.I. depositions. (*Id.* at 15-17). The C.I. purchased methamphetamine from a target two times—and on both occasions the target travelled to 755 Erie Street, entered the residence through the back door, and left a short while later going directly to meet the C.I. (*Id.* at 16). And on both occasions, law enforcement observed a vehicle registered to Defendant at the 755 Erie Street residence. (*Id.* at 17). Judge Pedersen concluded that Investigator

---

[3] Unredacted versions of the C.I. depositions were submitted to Judge Pedersen for *in camera* review. (*See* Dkt. 43). But as confirmed at oral argument before the undersigned, redacted versions of the C.I. depositions were produced to defense counsel. (*See* Dkt. 27 at 21-22).

VanDine's attestation to the C.I.'s reliability based on his history with the C.I., coupled with corroborating evidence, supported the issuing judge's reliance on the C.I.'s depositions to support the probable cause finding. (*Id.* at 18). Judge Pedersen also rejected Defendant's argument about staleness, with only five days elapsing between the last controlled purchase and issuance of the search warrant (*id.* at 18-20), as well as Defendant's argument that the warrant was overly broad, with the warrant listing 14 specific categories of items to be seized (*id.* at 20-22). Finally, Judge Pedersen concluded that even if he accepted Defendant's arguments about probable cause, staleness, and breadth, the good-faith exception applied. (*Id.* at 22-25).[4]

## II. STANDARD OF REVIEW

A district court reviews any specific objections to a report and recommendation on a dispositive issue, such as a motion to suppress or motion to dismiss, under a *de novo* standard. Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). To trigger the *de novo* review standard, objections to a report and recommendation "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

---

[4] Judge Pedersen also rejected Defendant's argument that the alleged excessive force used to conduct the search justified suppression, noting that Defendant's counsel conceded that she lacked any binding legal authority to support this argument. (Dkt. 34 at 13 n.7).

## III. DEFENDANT'S OBJECTIONS TO R&R

On January 6, 2025, Defendant filed objections to the R&R.[5] (Dkt. 35). The government responded on January 21, 2025 (Dkt. 37), and oral argument was held before the undersigned on February 13, 2025 (Dkt. 42), at which time the Court indicated Defendant's motions were denied and the R&R was adopted, but a written decision would be forthcoming.

In his objections, Defendant continued to challenge the sufficiency of the probable cause finding for issuance of the search warrant, the alleged lack of particularity of the warrant, and the alleged excessive force utilized in conducting the search.[6] For the reasons set forth in more detail in the R&R, the undersigned rejects Defendant's challenges to the search warrant and denies Defendant's motion to suppress. Not only are Defendant's substantive challenges to the warrant and its execution unsupported by the law and facts, but as Defendant's counsel conceded at oral argument before the undersigned, there is no basis for challenging Judge Pedersen's finding on the applicability of the good-faith exception.

---

[5] The R&R cautioned that any objections must be filed within 14 days and must specifically identify the basis for the objections, without raising new arguments. (Dkt. 34 at 25-26). Defendant disregarded these requirements—filing his objections 18 days after issuance of the R&R, failing to sufficiently articulate the basis for the objections, and raising new arguments. That said, the Court has considered Defendant's arguments, but finds them lacking in merit.

[6] Defendant did not object to the R&R's conclusions rejecting Defendant's challenge to the search warrant based on staleness. (*See* Dkt. 35).

Defendant also raised a new argument in his objections—that the Court lacked jurisdiction over the drug trafficking "charge"[7]—but this argument is wholly lacking in merit.[8] Indeed, at oral argument before the undersigned, defense counsel conceded that the argument, premised on the alleged lack of sufficient evidence, was premature.

Finally, Defendant's objections also contained a discovery request seeking information concerning the C.I. (Dkt. 35 at 4-6).[9] But Defendant is not entitled to this information. The Government "is not generally required to disclose the identity of confidential informants," and a defendant seeking disclosure must establish that "he will be deprived of his right to a fair trial" without the information. *United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997) (citing *Roviaro v. United States*, 353 U.S. 53, 59 (1957)).

> Speculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden; instead, the district court must be satisfied, after balancing the competing interests of the government and the defense, that the defendant's need for disclosure outweighs the government's interest in shielding the informant's identity.

---

[7]   Defendant's objections refer to the drug trafficking "charge" (Dkt. 35 at 4); in fact, Defendant appears to be referencing the charges in counts one, two, and three.

[8]   In his original motion argued before Judge Pedersen, Defendant made a similar argument about the § 924(c) charge in count four. (Dkt. 26 at 5-6). But Defendant did not object to Judge Pedersen's findings rejecting the argument directed to count four.

[9]   Defendant contends that the information relating to the C.I. was not previously requested (Dkt. 35 at 4), but in fact, Judge Pedersen denied Defendant's request for discovery about the C.I. (Dkt. 33). Thus, if Defendant is appealing that determination by Judge Pedersen, the arguments are not subject to *de novo* review and instead are evaluated under a "clearly erroneous or contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A). Under either standard, the Court would reject Defendant's request.

*Id.* Defendant has failed to meet this burden. As noted by the government in its opposition, the C.I. "was not present at the time of the search warrant, did not purchase methamphetamine from the defendant, or go to his residence at 755 Erie Street," (Dkt. 37 at 7-8), and thus there is no basis to grant Defendant's request. As conceded at oral argument by the government, if the C.I. ends up being a witness at trial—which is not presently the plan—then Jencks Act material will be produced.

## IV. CONCLUSION

For the reasons set forth above and for the reasons set forth in more detail in the R&R (Dkt. 34), Defendant's motion to suppress and motion to dismiss (Dkt. 26; Dkt. 27) are denied, his objections (Dkt. 35) are overruled, his motion to dismiss counts one through three (Dkt. 35) is denied, and his request for discovery of information concerning the C.I. (Dkt. 26; Dkt. 35) is denied. The Court accepts and adopts Judge Pedersen's Report and Recommendation in its entirety.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: May 5, 2025
       Rochester, New York